

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
                                          *1 Courthouse Way*
                                          *Suite 9200*
                                          *Boston, Massachusetts 02210*

                                          February 9, 2021

Derege Demissie, Esq.
Demissie & Church
929 Massachusetts Avenue, Suite 01
Cambridge, MA 02139

Young Paik, Esq.
Paik, Brewington & Deal
6 Beacon Street, Suite 305
Boston, MA 02108

      Re:    United States v. Justin Capell
                Criminal No.

Dear Messrs. Demissie and Paik,

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Justin Capell ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    Change of Plea

      Defendant will waive Indictment and plead guilty to Count One of the Information charging Conspiracy to Commit Visa Fraud, in violation of 18 U.S.C. § 371 (Count One). Defendant admits that he committed the crime specified in this count and is in fact guilty.

      The U.S. Attorney agrees not to charge Defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A based on conduct underlying the crime charged in this case that is known to the U.S. Attorney at this time.

2.  Penalties

Defendant faces the following maximum penalties: incarceration for five years, supervised release for three years, a fine of $250,000 or twice the gross gain or loss, whichever is greater, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Information.

Defendant understands that, if he is not a United States citizen who was born in the United States, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.  Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 17:

   a) Defendant's base offense level for Count One is 11 (USSG §§ 2X1.1(a); 2L2.1);

   b) Defendant's offense level is increased by 9, because the offense involved 100 or more documents (USSG § 2L2.1(b)(2)(C)); and

   c) Defendant's total adjusted offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (him or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration at the low end of the Guidelines sentencing range as calculated by the parties in Paragraph 3;

   b) 24 months of supervised release;

   c) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

   d) forfeiture as set forth in Paragraph 6.

5.  Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a) He will not challenge his conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

   b) He will not challenge his sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

3

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charge specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Jordi de Llano and Mackenzie Queenin.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: /s/ Jordi de Llano
STEPHEN E. FRANK
Chief
Securities, Financial & Cyber Fraud Unit
JORDI DE LLANO
SETH B. KOSTO
Deputy Chiefs
Securities, Financial & Cyber Fraud Unit


MACKENZIE A. QUEENIN
Assistant U.S. Attorney

5

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorneys. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalty for that crime. I have discussed the Sentencing Guidelines with my lawyers and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyers has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

JUSTIN CAPELL
Defendant

Date: 2/12/2021

I certify that Justin Capell has read this Agreement and that we have discussed what it means. I believe Justin Capell understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

DEREGE DEMISSIE, ESQ.
YOUNG PAIK, ESQ.
Attorneys for Defendant

Date: 2/12/21